**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE PALMER-DONAVIN MANUFACTURING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON ASHLEY BUILDING PRODUCTS, INC.,<br><br>Defendant. | ) | Civil Action No. __________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff The Palmer-Donavin Manufacturing Company ("Palmer-Donavin"), by and through the undersigned counsel, brings this complaint against Defendant Cameron Ashley Building Products, Inc. ("Cameron Ashley") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cancellation of a trademark registration under Section 37 of the Lanham Act, 15 U.S.C. § 1119; unfair and deceptive trade practices under Georgia law, O.C.G.A. § 10-1-370 et seq.; and

unfair competition under Georgia law, O.C.G.A. § 23-2-55. Each of these causes of action arises from Cameron Ashley's unauthorized use of the designation "Connect" in connection with its competing wholesale distribution of construction and building materials to dealers, contractors, builders, remodelers, retail suppliers, and other purchasers of building materials, including through an online customer portal offered on closely related and overlapping services in the same industry, through overlapping channels, and to overlapping purchasers as Palmer-Donavin's services offered under its senior CONNECT Marks (as defined below).

2. Palmer-Donavin owns two Principal Register registrations for CONNECT for wholesale distributorship of residential, manufacturer-direct building materials to home-construction builders, remodelers, and retail suppliers: U.S. Registration No. 6,423,691 for the mark CONNECT in standard characters, without claim to any particular font style, size, or color (the "CONNECT Word Mark"), and U.S. Registration No. 6,117,449 for a stylized CONNECT mark that incorporates stylized versions of the letters "p" and "d" in place of the letter "O" in the term CONNECT (the "Stylized CONNECT Mark," and together with the CONNECT Word Mark, the "CONNECT Marks").

3. Palmer-Donavin has used the CONNECT Word Mark in commerce in connection with its wholesale distributorship services since at least August 1, 2018, and has used the Stylized CONNECT Mark in commerce in connection with the

same services since at least January 2, 2020.

4. Cameron Ashley is also a distributor of building products. Cameron Ashley uses the designation "Connect" in connection with a customer portal through which building-product customers can access orders, product information, inventory, pricing, and account and order-management functions.

5. Cameron Ashley represented in filings it made with the United States Patent and Trademark Office that it first used the "Connect" designation anywhere, and first used it in commerce, on February 6, 2023, years after Palmer-Donavin's dates of first use in commerce and constructive-use dates for the CONNECT Marks. Cameron Ashley has obtained U.S. Registration No. 7,430,731 for the "Connect" designation on the Supplemental Register.

6. Cameron Ashley's use of "Connect" on closely related and overlapping services in the same industry, through overlapping channels, and to overlapping purchasers as Palmer-Donavin is likely to cause confusion, mistake, and deception concerning source, sponsorship, affiliation, connection, and approval.

7. Palmer-Donavin seeks preliminary and permanent injunctive relief, cancellation of Cameron Ashley's Supplemental Register registration, disgorgement of Cameron Ashley's profits in connection with its unauthorized use of the term "Connect," recovery of Palmer-Donavin's damages for Cameron Ashley's wrongdoing, costs, prejudgment interest, post-judgment interest, and reasonable

attorneys' fees incurred by Palmer-Donavin for enforcing its trademark rights because Cameron Ashley's ongoing infringement under the circumstances alleged herein makes this an exceptional case.

## THE PARTIES

8. Palmer-Donavin is an Ohio corporation with its principal place of business at 3210 Centerpoint Drive, Grove City, Ohio 43123. Among other things, Palmer-Donavin manufactures and distributes building materials and provides wholesale distributorship services in commerce, as defined in 15 U.S.C. § 1127, including interstate commerce to customers in multiple states and through its website, www.palmerdonavin.com.

9. On information and belief, Cameron Ashley is a Georgia corporation with its principal place of business at 979A Batesville Road, Greer, South Carolina 29651.

10. On information and belief, Cameron Ashley maintains and operates a place of business at 3110 Moon Station Rd NW, Kennesaw, Georgia 30144, within this District and Division, through which it transacts business in this District.

## JURISDICTION AND VENUE

11. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., including 15 U.S.C. §§ 1114, 1116, 1117, 1118, 1119, and 1125(a). This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and

1338(a), and has jurisdiction over Palmer-Donavin's state-law unfair competition claims under 28 U.S.C. § 1338(b) because those claims are joined with substantial and related claims under the federal trademark laws.

12. This Court also has supplemental jurisdiction over Palmer-Donavin's related Georgia-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy, and are based on a common nucleus of operative fact, as Palmer-Donavin's federal claims.

13. This Court has personal jurisdiction over Cameron Ashley because Cameron Ashley is incorporated in Georgia and conducts business in this District, including through the above-referenced place of business in Kennesaw, Georgia.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2), and (d) because Cameron Ashley is incorporated as a Georgia corporation, is subject to personal jurisdiction in this District, including through its place of business in Kennesaw, Georgia, and therefore resides in this District for venue purposes, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

15. The Atlanta Division is proper under LR 3.1(B), NDGa, because Cameron Ashley maintains a place of business at 3110 Moon Station Rd NW, Kennesaw, Georgia 30144, in Cobb County, which is located within this Division,

and because a substantial part of the events giving rise to the claims occurred in this Division.

## FACTUAL ALLEGATIONS

### A. Palmer-Donavin's Senior CONNECT Marks and Registrations

16. Palmer-Donavin is a wholesale distributor of residential, manufacturer-direct building materials to dealers, contractors, builders, remodelers, retail suppliers, and other purchasers of building materials.

17. Palmer-Donavin has continuously used the CONNECT Word Mark in commerce since at least as early as August 1, 2018, and the Stylized CONNECT Mark in commerce since at least as early as January 2, 2020, in connection with its wholesale distributorship services, including an online ordering system through which customers shop for building materials, view inventory and pricing, place and manage orders, and access related account information. Palmer-Donavin's customers access that system through Palmer-Donavin's website, www.palmerdonavin.com, by logging in with CONNECT credentials.

18. Palmer-Donavin owns U.S. Registration No. 6,423,691 ("the '691 Registration") for the CONNECT Word Mark, issued on the Principal Register on July 20, 2021, for "[w]holesale distributorship of residential, manufacturer-direct building materials to home construction builders, remodelers and retail suppliers" in International Class 35. The application that matured into the '691 Registration,

Serial No. 90/123,298, was filed on August 19, 2020. The ’691 Registration claims first use and first use in commerce on August 1, 2018. A true and correct copy of the ‘691 Registration is attached as Exhibit A.

19. Palmer-Donavin also owns U.S. Registration No. 6,117,449 (“the ’449 Registration”) for the Stylized CONNECT Mark, in which the letter “O” in the word “connect” is replaced by juxtaposed stylized letters “p” and “d” in a square shape. The ’449 Registration issued on the Principal Register on August 4, 2020, for the same Class 35 wholesale distributorship services. The application that matured into the ’449 Registration, Serial No. 88/750,503, was filed on January 8, 2020. The ’449 Registration claims first use and first use in commerce on January 2, 2020. A true and correct copy of the ’449 Registration is attached as Exhibit B.

20. Both the ’691 Registration and the ’449 Registration are valid and subsisting and constitute prima facie evidence of the validity of the registered marks, Palmer-Donavin’s ownership of the CONNECT Marks, and Palmer-Donavin’s exclusive right to use the CONNECT Marks in commerce in connection with the identified services, and, as to the ’449 Registration, conclusive evidence as alleged in Paragraph 21. 15 U.S.C. §§ 1057(b), 1115(a).

21. On May 12, 2026, Palmer-Donavin filed a combined declaration under Sections 8 and 15 of the Lanham Act with respect to the ’449 Registration, which the USPTO accepted and acknowledged on August 15, 2026. Accordingly, the ’449

Registration is incontestable pursuant to 15 U.S.C. § 1065 and constitutes conclusive evidence of the validity of the Stylized CONNECT Mark, Palmer-Donavin's ownership, and its exclusive right to use the Stylized CONNECT Markin connection with the registered services.

22. The CONNECT Marks are inherently distinctive as applied to Palmer-Donavin's wholesale distributorship services, function as service marks, and identify Palmer-Donavin as the source of those services. In the alternative, the CONNECT Marks have acquired distinctiveness through Palmer-Donavin's substantially exclusive and continuous use of in commerce of the CONNECT Word Mark since at least as early as August 1, 2018 and of the Stylized CONNECT Mark since at least as early as January 2, 2020.

23. Through continuous use, promotion, sales, and customer exposure, the CONNECT Marks identify Palmer-Donavin as the source of the services offered under the marks and embody valuable goodwill.

24. A true and correct copy of a screenshot showing Palmer-Donavin's use of CONNECT in connection with its online ordering system is attached as Exhibit C.

### B. Cameron Ashley's Junior "Connect" Use and Registration

25. Cameron Ashley is a wholesale distributor of construction and building materials to dealers, contractors, builders, remodelers, retail suppliers, and other purchasers of building materials.

26. Cameron Ashley operates an online customer portal on its website https://www.cameronashleybp.com under the designation "Connect." Through that portal, customers order online, pay and track invoices, view open orders and order history, check available product quantities and prices, access e-commerce promotions, view product specifications and warranties, and track deliveries.

27. A true and correct copy of a screenshot showing Cameron Ashley's use of "Connect" in connection with its customer portal is attached as Exhibit D.

28. On May 31, 2023, Cameron Ashley filed Application Serial No. 98/022,251 to register "Connect" for "[p]roviding a website featuring a customer portal with technology allowing users to access orders, warranty information, exclusive promotions, product information, inventory and pricing, and for account and order management" in International Class 42. In its application, Cameron Ashley claimed first use and first use in commerce of "Connect" on February 6, 2023.

29. The USPTO refused registration on the Principal Register on the ground that "Connect" was merely descriptive of Cameron Ashley's identified

services. Cameron Ashley amended its application to the Supplemental Register on April 19, 2024, rather than seek registration on the Principal Register based on inherent or acquired distinctiveness.

30. On June 25, 2024, the USPTO issued U.S. Registration No. 7,430,731 ("the '731 Registration") for "Connect" on the Supplemental Register (the "Cameron Ashley Registration"). A true and correct copy of the '731 Registration is attached as Exhibit E. A registration on the Supplemental Register does not constitute prima facie evidence of validity, ownership, or exclusive right to use, and it confers no constructive-use priority.

31. The Cameron Ashley Registration contains no limitation as to industry, goods, channels of trade, or classes of purchasers.

32. Cameron Ashley's claimed February 6, 2023 dates of first use and first use in commerce and its May 31, 2023 filing date, are years later than Palmer-Donavin's dates of first use in commerce of August 1, 2018 for the CONNECT Word Mark and January 2, 2020 for the Stylized CONNECT Mark, and later than the January 8, 2020 and August 19, 2020 constructive-use dates arising from the applications that matured into the '449 and '691 Registrations. 15 U.S.C. § 1057(c).

**C. Likelihood of Confusion and Notice**

33. Cameron Ashley's "Connect" designation is identical to Palmer-Donavin's CONNECT Word Mark in appearance, sound, meaning, and commercial

impression, and is highly similar to Palmer-Donavin's Stylized CONNECT Mark, the dominant literal element of which is the identical word CONNECT.

34. Both companies are wholesale distributors in the building-supply market, and both use the term CONNECT in connection with online, customer-facing systems through which purchasers of building materials log in to order products, check inventory and pricing, and manage orders and accounts.

35. The parties' customers, channels of trade, advertising media, and purchasing contexts overlap. The parties target dealers, contractors, builders, remodelers, retail suppliers, and other purchasers of building materials.

36. Cameron Ashley's use of the "Connect" designation is likely to cause purchasers to mistakenly believe that Cameron Ashley's portal and services originate with, are sponsored or approved by, are affiliated with, or are otherwise connected to Palmer-Donavin.

37. Palmer-Donavin distributes building materials and related products under the CONNECT Marks in throughout the Midwest and Southeast regions of the United States, overlapping the same geographic markets in which Cameron Ashley operates, including its Kennesaw, Georgia location. This direct geographic and market overlap increases the likelihood that relevant purchasers will be confused as to the source, sponsorship, or affiliation of the parties' respective services.

38. Cameron Ashley's use is without Palmer-Donavin's consent or authorization.

39. On June 26, 2026, Palmer-Donavin, through counsel, sent Cameron Ashley a cease-and-desist letter objecting to Cameron Ashley's use of "Connect" in connection with the marketing and distribution of building products and demanding cessation of the infringing use. Cameron Ashley's registered agent received the letter no later than June 29, 2026.

40. Therefore, by no later than June 29, 2026, Cameron Ashley had actual knowledge of Palmer-Donavin's registrations and senior rights in the CONNECT Marks.

41. Cameron Ashley also has had constructive notice of Palmer-Donavin's claim of ownership of the CONNECT Marks since the respective registration dates of the '449 Registration and the '691 Registration under 15 U.S.C. § 1072, both of which predate Cameron Ashley's claimed dates of first use and first use in commerce.

42. After receiving actual notice, Cameron Ashley filed a petition before the Trademark Trial and Appeal Board on July 17, 2026, seeking cancellation of Palmer-Donavin's '691 Registration. On October 15, 2026, Palmer-Donavin answered and asserted a counterclaim to cancel the Cameron Ashley Registration.

The proceeding is *Cameron Ashley Building Products, Inc. v. The Palmer-Donavin Manufacturing Company*, Cancellation No. 92092288.

43. Upon information and belief, Cameron Ashley has continued to use the "Connect" designation after receiving actual notice of Palmer-Donavin's senior rights. Cameron Ashley's continued use of the "Connect" designation after notice is knowing, deliberate, and willful, and supports enhanced monetary relief and a finding that this is an exceptional case under 15 U.S.C. § 1117(a).

44. Unless enjoined, Cameron Ashley's conduct will continue to cause irreparable harm to Palmer-Donavin's goodwill, reputation, customer relationships, and ability to control the identity and quality of services associated with its CONNECT Marks. Palmer-Donavin is entitled to the rebuttable presumption of irreparable harm provided by 15 U.S.C. § 1116(a).

**FIRST CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)**

45. Palmer-Donavin incorporates the preceding allegations as if fully set forth herein.

46. Palmer-Donavin owns the '691 Registration and the '449 Registration, which are valid and subsisting federal registrations for the CONNECT Marks.

47. Cameron Ashley has used and continues to use in commerce the designation "Connect," which is identical to the registered CONNECT Word Mark and confusingly similar to and a colorable imitation of the registered Stylized

CONNECT Mark, in connection with the sale, offering for sale, distribution, and advertising of services without Palmer-Donavin's consent.

48. Cameron Ashley's use of the "Connect" designation is likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, connection, or approval.

49. Cameron Ashley's infringement has been willful since at least its receipt of actual notice, and its conduct violates Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Palmer-Donavin has suffered and will continue to suffer damages and irreparable harm, and Cameron Ashley has obtained profits and advantages attributable to its infringement. Palmer-Donavin is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Cameron Ashley's profits, Palmer-Donavin's actual damages, enhanced damages, costs, and, because this is an exceptional case, its reasonable attorney fees under 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a))**

51. Palmer-Donavin incorporates the preceding allegations as if fully set forth herein.

52. Cameron Ashley's use in commerce of the "Connect" designation in connection with its building-product distribution and customer-portal services

constitutes a false or misleading designation of origin and a false or misleading representation of fact.

53. The challenged use is likely to cause confusion, mistake, or deception as to Cameron Ashley's affiliation, connection, or association with Palmer-Donavin and as to Palmer-Donavin's sponsorship or approval of Cameron Ashley's services and commercial activities.

54. Cameron Ashley's conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and entitles Palmer-Donavin to the relief available under 15 U.S.C. §§ 1116 and 1117(a).

## **<u>THIRD CAUSE OF ACTION</u>**
## **(CANCELLATION OF U.S. REGISTRATION NO. 7,430,731 UNDER 15 U.S.C. §§ 1052(d), 1092, AND 1119)**

55. Palmer-Donavin incorporates the preceding allegations as if fully set forth herein.

56. This action involves the parties' rights to use and register CONNECT, placing the Cameron Ashley Registration directly in issue.

57. Palmer-Donavin has priority based on its earlier use in commerce, its Principal Register registrations, and the constructive-use dates arising from its applications under 15 U.S.C. § 1057(c). Cameron Ashley's amendment to the Supplemental Register did not confer proprietary rights in the "Connect" designation that predate Palmer-Donavin's priority dates.

58. The designation in Cameron Ashley's Registration is identical to the CONNECT Word Mark and highly similar to the Stylized CONNECT Mark, and Cameron Ashley's identified services are closely related to Palmer-Donavin's registered services. Because the Cameron Ashley Registration is not restricted as to channels of trade or classes of purchasers, its services are presumed to travel in all normal channels of trade to all usual purchasers, including the purchasers of building materials to whom Palmer-Donavin offers its services.

59. The Cameron Ashley Registration is likely to cause confusion with Palmer-Donavin's previously used and registered CONNECT Marks within the meaning of 15 U.S.C. § 1052(d). Palmer-Donavin is and will continue to be damaged by its continued registration, which Cameron Ashley has invoked as the basis for its attack on the '691 Registration. Under 15 U.S.C. § 1092, a Supplemental Register registration may be cancelled at any time.

60. Under 15 U.S.C. § 1119, this Court may determine the right to registration and order cancellation of U.S. Registration No. 7,430,731 in whole, and should do so.

## FOURTH CAUSE OF ACTION
## (GEORGIA DECEPTIVE TRADE PRACTICES O.C.G.A. §§ 10-1-370 et seq.)

61. Palmer-Donavin incorporates the preceding allegations as if fully set forth herein.

62. In the course of its business, Cameron Ashley has used the identical "Connect" designation in a manner that creates a likelihood of confusion or misunderstanding as to source, sponsorship, approval, certification, affiliation, connection, or association with Palmer-Donavin.

63. Cameron Ashley's conduct constitutes deceptive trade practices under O.C.G.A. § 10-1-372(a), including subsections (2), (3), and (12).

64. Palmer-Donavin is likely to be damaged by Cameron Ashley's deceptive trade practices and is entitled to appropriate injunctive relief under O.C.G.A. § 10-1-373(a).

65. Cameron Ashley willfully engaged in the deceptive trade practices knowing them to be deceptive after actual notice of Palmer-Donavin's rights, entitling Palmer-Donavin to its costs and reasonable attorney fees under O.C.G.A. § 10-1-373(b).

## FIFTH CAUSE OF ACTION
## (UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55)

66. Palmer-Donavin incorporates the preceding allegations as if fully set forth herein.

67. Palmer-Donavin is a trader whose business is identified by its senior CONNECT Marks. Cameron Ashley has attempted to encroach upon Palmer-Donavin's business by using the identical "Connect" designation in the same building-supply market.

68. At least since receiving actual notice of Palmer-Donavin's rights, Cameron Ashley has continued its likely confusing use of the "Connect" Designation. Under these circumstances, Cameron Ashley's intent to deceive and mislead the public may be inferred, and its continued use violates O.C.G.A. § 23-2-55.

69. Palmer-Donavin is entitled to injunctive relief and to recover its damages caused by Cameron Ashley's unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Palmer-Donavin respectfully requests that the Court enter judgment in its favor and against Cameron Ashley as follows:

A. That Cameron Ashley has infringed Palmer-Donavin's federally registered CONNECT Marks, as shown in the '691 Registration and the '449 Registration, in violation of 15 U.S.C. § 1114;

B. That Cameron Ashley has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

C. That Cameron Ashley has engaged in deceptive trade practices under O.C.G.A. § 10-1-372 and unfair competition under O.C.G.A. § 23-2-55;

D. Preliminarily and permanently enjoin Cameron Ashley, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of the injunction from using

"Connect," or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar designation, in connection with building products, building-material distribution, customer portals for building-product purchasers, or related goods or services;

E. Order Cameron Ashley to remove the infringing designation from websites, customer portals, advertising, promotional materials, social-media accounts, signage, and other materials under its possession, custody, or control, and grant appropriate relief under 15 U.S.C. § 1118;

F. Order Cameron Ashley, within thirty days after entry of the injunction, to file and serve a sworn written report describing in detail its compliance, as provided by 15 U.S.C. § 1116(a);

G. Under 15 U.S.C. § 1119, order the Director of the United States Patent and Trademark Office to cancel U.S. Registration No. 7,430,731 in its entirety;

H. Award Palmer-Donavin Cameron Ashley's profits, Palmer-Donavin's actual damages, and the costs of this action under 15 U.S.C. § 1117(a), and Palmer-Donavin's damages under O.C.G.A. § 23-2-55;

I. Enhance Palmer-Donavin's actual-damages award up to three times the amount found as actual damages, and adjust Cameron Ashley's profits award if the Court finds the recovery based on profits inadequate or excessive, as permitted by 15 U.S.C. § 1117(a);

J. Declare this an exceptional case and award Palmer-Donavin its reasonable attorney fees under 15 U.S.C. § 1117(a);

K. Award Palmer-Donavin its reasonable attorney fees under O.C.G.A. § 10-1-373(b);

L. Award prejudgment and post-judgment interest as allowed by law; and

M. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Palmer-Donavin demands a trial by jury on all issues so triable.

Dated: November 1, 2026

Respectfully submitted,

*/s/ Thomas J. Mihill*

Thomas J. Mihill
**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30308
Tel: 404-739-8891
Email: tmihill@stites.com

Of Counsel:
Paul J. Linden (pro hac vice forthcoming)
Paul M. Ulrich (pro hac vice forthcoming)
**FBT GIBBONS LLP**
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Email: plinden@fbtgibbons.com
pulrich@fbtgibbons.com

Matthew J. Clark (pro hac vice forthcoming)
**FBT GIBBONS LLP**
111 Monument Circle, Suite 4500
Indianapolis, IN 46204
Telephone: (317) 237-3800
Email: mclark@fbtgibbons.com

*Counsel for Plaintiff The Palmer-Donavin Manufacturing Company*

**EXHIBIT LIST**

Exhibit A - U.S. Registration No. 6,423,691

Exhibit B - U.S. Registration No. 6,117,449

Exhibit C - Palmer-Donavin CONNECT use screenshot

Exhibit D - Cameron Ashley “Connect” use screenshot

Exhibit E - U.S. Registration No. 7,430,731